UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| WRIGHT PRIDE FAMILY TRUST, by and through SAMUEL WRIGHT, TRUSTEE<br><br>Plaintiff,<br><br>vs.<br><br>JPMORGAN CHASE, N.A.<br>L & K RECOVERY, LLC,<br><br>Defendant | COMPLAINT FOR A CIVIL CASE<br><br>Case No.: _____<br><br>JURY DEMAND |

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action under 28 U.S.C. §§ 1332 and 1331, as the case involves both diversity of citizenship and federal questions arising under 15 U.S.C. § 1692, 18 U.S.C. § 2314, and related federal law.

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to these claims occurred in South Carolina, and Defendants have significant contacts within this District.

## PARTIES

3. Plaintiff, Wright Pride Family Trust (the "Trust"), is a private trust organization with its interests represented and prosecuted by its duly authorized Trustee, Samuel Wright, residing in South Carolina.

4. Defendant L & K Recovery, LLC is a limited liability company organized under the laws of Virginia, with a registered agent located at 7702 Poplar Hill Ln., Clinton, Maryland.

1

5. Defendant JP Morgan Chase, N.A. is a national banking association with its principal office at 1111 Polaris Parkway, Columbus, OH 43240.

## FACTUAL ALLEGATIONS

6. On or about October 5, 2023, WPE (herein "buyer" or "primary debtor") entered into a consumer credit contract (the "Car Contract") to purchase a vehicle on credit; Robert Wright (herein "co-buyer") served as a co-buyer (see Exhibit A).

7. To facilitate the financing for the buyer with insufficient credit, Robert Wright extended his own credit, indorsed the Car Contract "without recourse," discharging his personal liability while, under UCC principles, subrogating his rights to collect from the primary debtor (see Exhibit A).

8. The Car Contract is structured as a negotiable instrument under the Uniform Commercial Code ("UCC"), setting forth a fixed principal amount, an agreed interest rate, and an unconditional promise to pay.

9. The co-buyer's indorsement of the Car Contract itself was the payment for the vehicle, as its value (the consideration) was given upon execution and performance, thereby receiving the goods.

10. Under South Carolina Code of Law 36-9-203 (UCC § 9-203) a security interest attaches when the secured party gives value, the debtor has rights in the collateral, and there is an authenticated security agreement (can be inferred or expressed).

11. Under South Carolina Code of Law 36-9-502 (UCC § 9-502), perfection is achieved when a UCC-1 is filed identifying the debtor, the secured party, and the collateral (see exhibit E).

12. The co-buyer, through his performance, secured his interest by filing a UCC-1, therein assigning his interest to WPFT.

13. Plaintiff WPFT then acquired a perfected security interest evidenced by the UCC-1 Financing Statement identifying Wright Pride Enterprises, LLC as the debtor and Plaintiff as the secured party.

14. Pursuant to South Carolina Code of Law 36-9-317 (UCC § 9-317(b)), the WPFT's perfected security interest takes priority over any undisclosed or unperfected claims.

15. JPMorgan Chase Bank, N.A., as Sponsor, Depositor, and Servicer, as outlined within their Final Prospectus demonstrates that Car Contracts like the subject instrument are assigned to and held by an issuing entity confirming their status as valuable, transferable assets.

16. Before the buyer purchased the automobile, the following property interests, held by the Chase Auto Owner Trust 2006-B or other issuing entities of Car Contracts, like the one involved in this complaint, deposited by JP Morgan Chase, N.A., were unknown to the buyers: (i) Motor vehicle loans (i.e., retail installment sale contracts) secured by new and used automobiles; (ii) Rights to receive payments made on the motor vehicle loans; (iii) Security interests in the financed vehicles; (iv) Proceeds from claims on various insurance policies; (v) Accounts into which collections are deposited; (vi) Accounts providing yield enhancement to the motor vehicle loans; and (vii) Reserve or credit enhancement accounts.

17. Unbeknownst to the buyers at the time of purchase, JP Morgan Chase, N.A. was acting as a service provider by collecting servicing fees based on outstanding motor vehicle loan balances, obtaining supplemental servicing compensation from fees and charges paid by obligors, and accruing investment income on funds deposited in the issuing entity's accounts.

18. The Defendant JPMorgan Chase Bank N.A. failure to disclose material facts to the terms between the issuer and depositor constitutes a breach of contract and prejudices bona fide purchasers relying in good faith on the integrity and transferability of the secured assets.

19. Subsequent to execution, the Car Contract was assigned—without proper disclosure—to the Chase Auto Owner Trust 2006-B or other issuer, thereby compromising the integrity of the transaction and Plaintiffs' expectations.

20. The buyers submitted a request, pursuant to South Carolina Code of Law 36-9-210 (UCC § 9-210) for a full accounting, tax documentation, and account ledger, however, Defendant failed to provide accounting within the statutory timeframe (see Exhibit B and H).

21. Despite the co-buyer's discharged obligation, Defendant L & K Recovery, LLC wrongfully repossessed the vehicle, and Defendant JP Morgan Chase, N.A. ignoring the perfected security interest held by the WPFT.

22. Defendant L & K Recovery, LLC, acting as a repossession agent, wrongfully repossessed the vehicle and took the vehicle out of the owner's custody without consent in violation of Maryland code § 7-105.

23. Plaintiff WPFT property rights have been violated by the wrongful repossession.

24. Defendant, JPMorgan Chase Bank N.A. actions deprived Plaintiff of due process under both the Fifth Amendment of the U.S. Constitution and Article I, Section 3 of the South Carolina Constitution by seizing property without proper hearing or opportunity to be heard.

25. Defendant, JPMorgan Chase Bank N.A. was fully aware of the notice under the terms of the Car Contract that any holder is subject to all claims and defenses the debtor might assert, as

expressed in the provision:

"ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER." (see Exhibit A)

26.  Defendant, JPMorgan Chase Bank N.A. repudiated the consumer credit contract by failing to abide by the aforementioned notice, thereby refusing to recognize the limitations on recovery set forth therein.

27.  In addition, Defendant JPMorgan Chase Bank N.A. have violated the Fair Debt Collection Practices Act by engaging in false representations and deceptive collection practices, including:

   a. Violating 15 U.S.C. § 1692e(2)(A), (6)(A), (7), (10), and (11);

   b. Violating 15 U.S.C. § 1692f(1) by attempting to collect amounts not expressly authorized by the Car Contract or permitted by law; and

   c. Failing to disclose material facts regarding the assignment and securitization of the Car Contract.

28.  As a result of the foregoing, Plaintiff has suffered significant financial harm, loss of property use, adverse credit reporting, and deprivation of constitutional and statutory rights.

## CAUSES OF ACTION

*(Plaintiff asserts both legal and equitable claims. Legal issues, such as wrongful repossession, breach of contract, conversion, FDCPA violations, and due process claims, are triable by a jury.*

*Equitable claims, including declaratory and injunctive relief, will be determined by the Court.)*

### Count I – Violation of UCC § 9-210 (Failure to Provide Accounting)

29.     Plaintiff re-alleges paragraphs 1–28.

30.     Defendant JPMorgan Chase Bank N.A.'s failure to provide the requested accounting within 14 days prevented Plaintiff from verifying the alleged debt and constitutes a violation of UCC § 9-210.

31.     In support, Plaintiff cites *Fooks v. Norwich Housing Authority*, 28 Conn. L. Rptr. 31, (Conn. Super, 2000), where the court acknowledges that "A copy of the consumer credit contract is not sufficient to validate the debt. Validation requires presentment of the account and general ledger statement signed and dated by the party responsible for maintaining the account.

32.     In support, Plaintiff cites *In re Price*, 370 F.3d 362 (3d Cir. 2004), where the court acknowledges that a secured party's failure to respond to a UCC § 9-210 request may support a debtor's challenge to enforcement actions.

### Count II – Wrongful Repossession / Conversion

33.     Plaintiff re-alleges paragraphs 1–32.

34.     The vehicle was repossessed without judicial process, notice, or legal justification, constituting conversion of Plaintiff's property.

35.     In support, Plaintiff cites *Hinton v. Carmody*, 585 S.E.2d 310 (S.C. Ct. App. 2003), holding that conversion occurs when a party exercises unauthorized control over another's property and deprives them of its use.

### Count III – Breach of Due Process under South Carolina Constitution

36.     Plaintiff re-alleges paragraphs 1–35.

37.     Defendant's actions deprived Plaintiff of due process by seizing the vehicle without

notice and opportunity for a hearing.

38. In support, Plaintiff cites *Ex parte Capital U-Drive-It, Inc.*, 369 S.C. 1, 630 S.E.2d 464 (2006), where the court emphasized that due process requires notice and an opportunity to be heard before deprivation of property.

### Count IV – Violation of the Fifth Amendment Due Process Clause

39. Plaintiff re-alleges paragraphs 1–38.

40. By seizing Plaintiff's automobile without a valid judicial order or due process, Defendant violated Plaintiff's rights under the Fifth Amendment to the United States Constitution, which guarantees that no person shall be deprived of property without due process of law.

41. In support, Plaintiff cites *Fuentes v. Shevin*, 407 U.S. 67 (1972), holding that due process requires a hearing before the state deprives a person of property.

42. This conduct is analogous to the procedural due process violations condemned by the Supreme Court in *North Georgia Finishing, Inc. v. Di-Chem, Inc.*, 419 U.S. 601 (1975), where the Court held that prejudgment seizure without prior notice or hearing violates the Constitution."

### Count V – Declaratory and Injunctive Relief

43. Plaintiff re-alleges paragraphs 1–42.

44. Plaintiff seeks a declaratory judgment that co-buyers "without recourse" endorsement discharged his liability, that the consumer credit contract constituted full payment for the automobile, and Wright Pride Family Trust holds a valid, perfected security interest in the vehicle.

45. Plaintiff seeks a declaratory judgment that at the time the buyers executed the consumer

credit contract and took possession of the automobile, they had no knowledge of any security interest or lien held by a third-party, namely Chase Auto Owner Trust or other issuing entity.

46. Plaintiff seeks a declaratory judgement that Defendant's prior agreements with Chase Auto Owner Trust or other issuing entity who held any security interest in the subject automobile, such interest was neither disclosed to the buyers nor perfected under applicable law prior to Plaintiff's acquisition of the automobile.

47. Plaintiff seeks a declaratory judgement that under South Carolina Code of Law 36-9-317(b) (UCC § 9-317(b)), "a buyer, other than a secured party, of tangible personal property takes free of a security interest or agricultural lien if the buyer gives value and receives delivery of the collateral without knowledge of the security interest or agricultural lien and before it is perfected," and that buyers qualify as such, having given value, taken delivery, and lacked knowledge of any prior security interest in the automobile at the time of the transaction.

48. In support, Plaintiff cites *In re Gary and Connie Jones*, 2009 Bankr. LEXIS 1899, at *10–12 (Bankr. D. Kan. June 25, 2009)*, the court ruled that a buyer who paid value and took delivery of a vehicle without knowledge of a security interest took free of that interest where the creditor failed to perfect prior to the buyer's acquisition.

49. Plaintiff seeks a judicial declaration confirming that under South Carolina Code of Law 36-9-317(b) (UCC § 9-317(b)) Plaintiff took the vehicle free and clear of any unperfected or undisclosed security interest held by Defendant including any pre-existing agreements with issuing entities.

50. Plaintiff seeks a declaratory judgment that the Defendants, having failed to perfect their interest prior to delivery and execution of the instrument, are not holders in due course under UCC § 3-302 and are subject to all claims and defenses of Plaintiff under the FTC Holder Rule.

51. Plaintiff also requests a declaration that any prior contractual agreements to assign the Car Contract to Chase Auto Owner Trust 2006-B or other issuer is subject to Plaintiff's bona fide purchaser rights under UCC § 9-317(b), as Plaintiff had no knowledge of such assignment, and the security interest was not perfected before delivery.

52. Plaintiff further requests injunctive relief ordering the immediate return of the automobile and restraining Defendants from further interference.

53. In support, Plaintiff cites *Bell v. South Carolina State Highway Dept.*, 204 S.C. 462, 30 S.E.2d 65 (1944), affirming the availability of equitable relief where a party's rights are threatened by ongoing illegal conduct and relies on UCC § 9-317(b) and bona fide purchaser principles.

**Count VI – Subrogation and Reimbursement**

54. Plaintiff re-alleges paragraphs 1–53.

55. The co-buyer, having discharged his obligation by endorsing the instrument without recourse, Plaintiff acquired the creditor's rights by subrogation, thereby entitling him to recover the full amount paid—including principal, interest, and associated costs—from the primary debtor.

56. In support, Plaintiff cites *Dixon v. State Farm Mut. Auto. Ins. Co.*, 293 S.C. 319, 360 S.E.2d 394 (Ct. App. 1987), which upheld subrogation rights where one party pays a debt another is primarily responsible for.

**Count VII – Violations of the FDCPA and Failure to Disclose Material Facts**

57. Plaintiff re-alleges paragraphs 1–56.

58. Defendant engaged in false representations and deceptive collection practices, violating:
   a. 15 U.S.C. § 1692e(2)(A), (6)(A), (7), (10), and (11);

b. 15 U.S.C. § 1692f(1), by attempting to collect amounts not expressly authorized by the Car Contract or permitted by law.

59. Defendant also failed to disclose material facts regarding the securitization and assignment, rendering any collection claim subject to the defenses available to the Debtor.

60. As a result, Plaintiff is entitled to statutory, compensatory, and punitive damages, along with attorney's fees and costs.

61. In support, Plaintiff cites *Heintz v. Jenkins*, 514 U.S. 291 (1995), recognizing that the FDCPA applies to attorneys and entities engaging in debt collection activity; *Gonzalez v. Kay*, 577 F.3d 600 (5th Cir. 2009), which held that misleading or incomplete representations violate § 1692e, and asserts that Defendant's conduct also violates 18 U.S.C. § 2314.

**Count VIII – Breach of Contract and Interference with Bona Fide Purchaser Rights**

62. Plaintiff re-alleges paragraphs 1–61.

63. Defendant's wrongful repossession, failure to adhere to the Car Contract, and deceptive collection practices constitute a breach of contract.

64. Defendants' enforcement efforts disregarded the FTC Holder Rule's mandatory language and interfered with the Trust's protected rights under U.C.C. § 3-302 and § 9-317(b).

65. Defendants committed a breach of contract and violated the good-faith protections afforded to bona fide purchasers.

66. As a result, Plaintiff is entitled to recover damages for breach of contract and seek a declaratory judgment regarding the true rights of the parties under the Car Contract and related securitization process.

67. In support, Plaintiff cites *C.I.T. Corp. v. Haynes,* 104 Ga. App. 683 (1961), the court held that failure to disclose assignment to a third party while enforcing rights against a buyer without

proper notice constitutes constructive fraud and breach of commercial trust, and *Hughes v. LaSalle Bank, N.A.*, 2006 WL 1881018 (N.D. Ill. 2006), which held that when a party fails to properly disclose chain of assignment and attempts to enforce a contract in contradiction to the buyer's defenses, courts may find a breach of contract and interference with good-faith purchaser protections.

**Count IX – Repudiation of the Consumer Credit Contract**

68.     Plaintiff re-alleges paragraphs 1-67.

69.     The consumer credit contract contains the following express provision:

"ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER."

70.     Notice of this provision thereby asserted that any holder of the instrument—including Defendant—must take the contract subject to all claims and defenses available to the Debtor.

71.     Defendant repudiated the contract by failing to abide by and enforce this provision, refusing to recognize or be bound by the contractual limitation on recovery.

72.     By ignoring the plain language of the FTC Holder Rule and refusing to acknowledge Plaintiff's timely notice of claim and defense, Defendants **repudiated** the consumer credit contract within the meaning of U.C.C. § 2-610.

73.     In support, Plaintiff cites *FTC v. IFC Credit Corp.*, 543 F. Supp. 2d 925 (N.D. Ill. 2008): The court ruled that a creditor's failure to honor the FTC Holder Clause amounted to enforceable

11

contract repudiation and allowed the consumer to assert complete defenses, including rescission and return of consideration.

## REQUEST FOR RELIEF

74. WHEREFORE, Plaintiffs respectfully request that this Court:   a. Enter a declaratory judgment affirming that the co-buyer's endorsement discharged his obligation and that Wright Pride Family Trust holds a valid, perfected security interest in the vehicle, taking priority over any unperfected or undisclosed claims by Defendants;   b. Issue an injunction ordering the immediate return of the vehicle and restraining Defendants from further interference with Plaintiff's rights;   c. Award compensatory, statutory, and punitive damages, including recovery for loss of use and direct financial harm;   d. Award attorney's fees, interest, and court costs; and   e. Grant any other relief that this Court deems just and proper.

75. Plaintiff seeks a declaration that the buyers were Bona Fide Purchasers for Value who took the vehicle and signed the Car Contract without actual or constructive notice that the Defendant, JP Morgan Chase, N.A., had already executed agreements, prior to buyers' acquisition, transferring or committing its security interest to a third-party trust (Chase Auto Owner Trust 2006-B). Because this material fact was not disclosed at the time of contract formation, Plaintiff asserts that any adverse interest held by the Trust (Chase Auto Owner Trust 2006-B), or any claims deriving therefrom, cannot take priority over Plaintiff's rights under the consumer credit contract. Plaintiff therefore requests that the Court declare that the assignment to Chase Auto Owner Trust, to the extent it conflicts with Plaintiff's rights, is void as against a bona fide purchaser and should not impair Plaintiff's entitlement to possess and redeem the vehicle.

76. Plaintiff demands a trial by jury on all legal issues alleged in Counts I, II, IV, VII, and VIII, while equitable claims in Counts V and VI shall be determined by the Court.

Respectfully submitted,

*[signature]*

Samuel Wright, Trustee
Wright Pride Family Trust
380B Race St.
Charleston, South Carolina,
[29414]
843-868-4631
swright4220@yahoo.com
Dated: 4/14/25