UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Wright Pride Family Trust, <br> *by and through Samuel Wright, Trustee,* <br><br> Plaintiff, <br><br> vs. <br><br> J.P. Morgan Chase, N.A., <br> L & K Recovery, LLC, <br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | C/A: 2:25-3377-RMG-TER <br><br><br> Report and Recommendation |

This is a civil action brought by a trust. On April 24, 2025, the Trust was advised by court order that the Trust could not proceed in this action represented by a *pro se* individual, the Trust was ordered to retain counsel, and the Trust was warned without counsel this action could not proceed further. (ECF No. 7). There was no response to the order and counsel did not file a Notice of Appearance within the time ordered.

Plaintiff Wright Pride Family Trust cannot appear *pro se* in this civil action. Plaintiff is not an individual and must be represented by counsel in order to proceed. The United States Supreme Court has stated "the lower courts have uniformly held that 28 U.S.C. § 1654, providing that 'parties may plead and conduct their own cases personally or by counsel,' does not allow corporations, partnerships, or associations to appear in federal court otherwise than through a licensed attorney." *Rowland v. Calif. Men's Colony*, 506 U.S. 194, 202 (1993) (citations omitted). "A trustee cannot represent a trust *pro se* in federal court." *Corley v. Leach*, No. 2:23-cv-04935-BHH-MHC, 2024 WL 1558609, at *3 (D.S.C. Mar. 19, 2024), *report and recommendation adopted*, 2024 WL 1557094 (D.S.C. Apr. 10, 2024)(collecting cases). Public records show trustee Samuel Wright is not an attorney.

It necessarily follows from the jurisprudence prohibiting *pro se* representation that any pleading filed by a lay person must be disregarded as a nullity since counsel has not been retained by the Trust, and this action may not proceed further.

## **RECOMMENDATION**

It is recommended that the District Court dismiss the Complaint in this case *without prejudice and without issuance and service of process* and render any pending motions moot.

|  |  |
|---|---|
| June 4, 2025 | s/Thomas E. Rogers, III |
| Florence, South Carolina | Thomas E. Rogers, III |
|  | United States Magistrate Judge |

**Plaintiff's attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 2317
> Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).